IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOBBY STOKES, JR.,            ) | |
|          Petitioner,     ) | |
| v.                            ) | Civil Action No. 2:08cv902-MHT |
|                               ) | [WO] |
| UNITED STATES OF AMERICA,     ) | |
|          Respondent.    ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a supplemental response (Doc. No. 28) addressing the new claim of ineffective assistance of counsel raised in Stokes's amended 28 U.S.C. § 2255 motion. In its supplemental response, the government argues that Stokes's new claim is barred by the one-year period of limitation applicable to § 2255 motions.[1] Specifically, the government contends that Stokes's new claim this his counsel rendered ineffective assistance by failing to file a requested appeal does not "relate back" to any claims presented in Stokes's original § 2255 motion and is therefore time-barred, as it was not raised within one year of the date upon which Stokes's conviction became final. *See Pruitt v. United States*, 274 F.3d 1315, 1318-19 (11th Cir. 2001); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). The government further maintains that if Stokes's new claim of ineffective assistance of counsel is deemed to "relate

---

[1] Section 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for motions filed pursuant to § 2255. The section became effective on April 24, 1996. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

back," this court should hold an evidentiary hearing on the new claim.

Title 28 U.S.C. § 2255 provides, in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Stokes's original § 2255 motion was timely filed with this court on November 10, 2008. However, any new claim asserted by Stokes after November 26, 2008 (i.e., over one year after Stokes's conviction became final), is deemed untimely under § 2255's one-year period of limitation unless the new claim "relates back" to claims presented in Stokes's original § 2255 motion under Fed.R.Civ.P. 15(c). In pertinent part, Rule 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P.

2

15(c)(2).   "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport, supra,* 217 F.3d at 1344.

In light of the foregoing, it is

ORDERED that on or before June 5, 2009, Stokes shall show cause why the new claim of ineffective assistance of counsel contained in his amended § 2255 motion "relates back" to his original § 2255 motion and should not be dismissed as time-barred pursuant to the one-year limitation period.

Done this 18th day of May, 2009.

                /s/Terry F. Moorer
                TERRY F. MOORER
                UNITED STATES MAGISTRATE JUDGE