IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOBBY STOKES, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:08cv902-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Federal inmate Bobby Stokes Jr. ("Stokes") has moved for collateral review of his conviction and sentence pursuant to 28 U.S.C. § 2255. On May 23, 2007, Stokes pled guilty to possession with intent to distribute 50 grams or more of crack cocaine, a violation of 21 U.S.C. § 841(a)(1). On November 13, 2007, the district court sentenced Stokes to 168 months in prison. Stokes did not file a direct appeal. On November 7, 2008, Stokes, filed this § 2255 motion, setting forth two claims:

1. The district court erred by applying a two-level sentence enhancement under U.S.S.G. § 2D1.1(b)(1) based on Stokes's possession of a firearm in connection with the drug offense.

2. Counsel rendered ineffective assistance by failing to "research relevant case law pertaining to firearm enhancements when doing so would have altered the outcome of the sentencing hearing proceeding."

(Doc. No. 1 at 3-4.)

On April 6, 2009, Stokes filed a motion to amend his § 2255 motion by adding a

claim that his counsel was ineffective for failing to file an appeal after he consulted with counsel and expressed a desire that he file an appeal. (Doc. No. 21 at 2-3.)

The government responds that (1) Stokes's substantive claim regarding application of the § 2D1.1(b)(1) firearm enhancement is procedurally barred because it was not raised on appeal and, in any event, lacks merit; (2) Stokes's claim that his counsel was ineffective for failing to research the law pertaining to firearm enhancements is meritless; and (3) Stokes's claim in his amended motion that his counsel was ineffective for failing to comply with his expressed desire that an appeal be filed is time-barred, because this claim was first raised more than a year after Stokes's conviction became final and it does not relate back to his timely filed original motion. (Doc. No. 19 at 2-9; Doc. No. 28 at 2-4.)

After due consideration of Stokes's § 2255 motion as amended, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II.   DISCUSSION

### A.   *General Standard of Review*

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the

2

maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

**B.    *Substantive Claim Not Raised on Direct Appeal***

Stokes contends that the district court erred by applying U.S.S.G. § 2D1.1(b)(1)'s two-level firearm enhancement at sentencing because, he says, the government did not establish a connection between a .45 caliber pistol found in his home and the drug offense

3

for which he was convicted. (Doc. No. 1 at 2-4.) Because Stokes did not appeal his conviction and sentence, he obviously did not raise this claim on direct appeal. Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). A petitioner can avoid this procedural bar only by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Mills*, 36 F.3d at 1055.[1]

Although Stokes does not frame an argument in terms of "cause," he appears to suggest that ineffective assistance of counsel is the cause for his failure to raise this claim on direct appeal. (*See* Doc. No. 18 at 1-2.) Ineffective assistance of counsel may satisfy the cause exception to a procedural bar, *see Greene*, 880 F.2d at 1305, but only if the claim of ineffective assistance is meritorious. *Id*. To determine whether it is, this court must decide whether counsel's failure to assert the underlying substantive claim could have affected the outcome of an appeal by Stokes. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). Counsel is not ineffective for failing to raise a meritless claim on appeal. *Id*.

Because this court concludes, as discussed more fully below, that Stokes's underlying

---

[1] Alternatively, under the fundamental miscarriage of justice exception, when a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant relief in the absence of a showing of cause for the procedural default. *Mills*, 36 F.3d at 1055. Stokes has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception.

claims lack merit, he has failed to demonstrate cause for his procedural default.

## C.     *Ineffective Assistance of Counsel Claims*

### 1.     **Standard of Review**

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Under the performance component of the *Strickland* inquiry, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687). In any ineffective assistance analysis, scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000); *see Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Review of an ineffective assistance of counsel claim is conducted from the

perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted above, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland*

inquiry, relief should be denied. *See Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 2. Counsel's Performance with Regard to the § 2D1.1(b)(1) Firearm Enhancement

Stokes contends that the district court erred by applying the two-level firearm enhancement in U.S.S.G. § 2D1.1(b)(1) to his sentence and that, consequently, his counsel should have pursued this issue as a ground of error on appeal.[2] (*See* Doc. No. 1 at 2-4; Doc. No. 18 at 1-2.) In a related claim, Stokes contends that his counsel was also ineffective for

---

[2]As indicated above, Stokes does not actually assert counsel's failure to raise this claim on appeal as an independent ground of ineffective assistance of counsel, but rather as "cause" excusing the procedural default of his substantive claim that the district court erroneously applied the firearm enhancement.

failing to research the law pertaining to firearm enhancements prior to his sentencing hearing. (Doc. No. 1 at 4.)

In an affidavit filed with this court, Stokes's former counsel, Kevin L. Butler, avers, in pertinent part, as follows:

> Mr. Stokes's assertion that counsel did not research the relevant law applicable to application of U.S.S.G § 2D1.1(b)(1) is not accurate nor supported by the record. Undersigned counsel vigorously researched and challenged the application of the enhancement. (Criminal Docket #61; Sentencing Transcript at pp. 33-42, 50) However, based in part upon the sentencing hearing testimony of Mr. Stokes's co-defendant, this Court overruled the defenses's objection(s) and applied the enhancement.

(Doc. No. 13 at 2.) The record reflects that, prior to sentencing, Mr. Butler filed a sentencing memorandum with the district court setting forth arguments why the § 2D1.1(b)(1) firearm enhancement should not be applied in Stokes's case. (Gov. Exh. D.) In both the sentencing memorandum and at the sentencing hearing, Mr. Butler cited Eleventh Circuit case law in support of his argument against application of the enhancement and debated this point vigorously on Stokes's behalf. (*See, e.g.*, Gov. Exh. D at 2-3; Gov. Exh. F at 9-12; Gov. Exh. H at 5.) Thus, the record does not support Stokes's conclusory assertion that Mr. Butler failed to research the law pertaining to firearm enhancements.

In addition to failing to demonstrate deficient performance by Mr. Butler, Stokes fails also to demonstrate any prejudice resulting from Mr. Butler's performance. Stokes does not cite or suggest any specific research Mr. Butler could have presented to the district court that would have created a reasonable probability that the court would *not* have applied the

firearm enhancement to his sentence. Moreover, Stokes fails to demonstrate that the enhancement was erroneously applied in his case. At the sentencing hearing, Stokes's girlfriend and codefendant, Amber Desiree Frederick, testified that during the time she and Stokes were living together and dealing drugs, Stokes kept a firearm on or inside a dresser in a closet in their bedroom. (Gov. Exh. E at 23-24.) Frederick stated that the firearm belonged to Stokes and that he kept it for protection. (*Id*. at 25.) She also stated that the crack cocaine Stokes was involved in dealing was stored in the same closet where the gun was kept. (*Id*. at 27.) Frederick further testified that the money received from Stokes's drug sales was stored in the home, either in a drawer or in a safe. (*Id*. at 35.) She acknowledged that if someone had tried to take this money from the house, the gun could have been used to defend the money.[3] (*Id*. at 37-38, 42.)

U.S.S.G. 2D1.1(b)(1) provides that the offense level for a drug offense is increased by two levels if "a dangerous weapon (including a firearm) was possessed." *See* U.S.S.G. § 2D1.1(b)(1). The commentary to the subsection explains that "[t]he [firearm] adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id*. at cmt. n. 3. Here, in determining that the firearm enhancement was applicable to Stokes, the district court held:

> The Court overrules the objection to the gun enhancement. I am convinced that the gun was present when drugs were in the house. I am not convinced that the gun had no connection with the drugs. Indeed, I am convinced that

---

[3]Frederick also admitted to having posed with Stokes's gun in photographs showing money received from Stokes's drug sales. (Gov. Exh. E at 25-26, 36-38.)

> the gun ... played a part in which to protect the drugs. So the gun enhancement objection is overruled. I find her testimony credible, that is Ms. Frederick's testimony, that the gun was kept in the house. That there was a gun. The drugs were kept in the house. And I just think there is clear evidence of the connection.

(Gov. Exh. H at 5.)

Because the evidence presented at the sentencing hearing placed the firearm in close proximity to the drugs Stokes sold, as well as to money received from his drug transactions, and the evidence also indicated that the gun played a part in protecting the drugs and the proceeds from their sale, it was not clearly improbable that the gun was connected with Stokes's drug crime. Thus, upon crediting Frederick's testimony, the district court properly concluded that the § 2D1.1(b)(1) firearm enhancement should be applied to Stokes. *See United States v. Trujillo*, 146 F.3d 838, 847 (11th Cir. 1998); *United States v. Hansley*, 54 F.3d 709, 716 (11th Cir. 1995); *United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995). For this reason, Stokes's counsel did not render ineffective assistance by failing to challenge the propriety of the firearm enhancement in an appeal. Counsel cannot be ineffective for failing to pursue a meritless claim. *See, e.g., Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

In sum, Stokes is not entitled to any relief based on (1) his claim that his counsel was ineffective for failing to research the law pertaining to firearm enhancements or (2) his claim that his counsel was ineffective for failing to challenge the district court's application of the enhancement on appeal.

C. *Claim Raised in Amendment to § 2255 Motion:  Counsel's Failure to File Requested Appeal*

On April 6, 2009, Stokes filed an amendment to his original § 2255 motion, asserting for the first time a claim that his counsel, Mr. Butler, was ineffective for failing to file an appeal after he consulted with Mr. Butler following sentencing and expressed a desire that an appeal be filed.  (Doc. No. 21 at 1-5.)  As noted above, the government argues that this claim is time-barred because it was first raised more than a year after Stokes's conviction became final and it does not relate back to any claims his timely filed original motion.  (Doc. No. 28.)

The Federal Rules of Civil Procedure provide for the relation back of amendments filed after the running of a period of limitation in certain circumstances.  Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  *See* Fed.R.Civ.P. 15(c)(2).  "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed."  *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).  "The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide."  *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 150 n.3 (1984).

11

Stokes's conviction became final on November 26, 2007, ten days after the district court entered its judgment in his case.[4] Accordingly, Stokes had until November 26, 2008, to file a § 2255 motion that was timely under § 2255's one-year period of limitation. He filed his original § 2255 motion on November 10, 2008. Therefore, the claims in his original § 2255 motion were timely raised. However, he filed his amended motion, containing his new claim, on April 6, 2009 – more than four months after § 2255's one-year deadline expired. Thus, his new claim in that amendment is untimely under the one-year limitation period and is barred from review unless it "relates back" to his timely asserted claims under Fed.R.Civ.P. 15(c).

New claims asserted in an amended motion do not relate back to timely asserted claims where they arise from conduct and occurrences separate from the conduct and occurrences forming the basis of the timely asserted claims. *See Davenport*, 217 F.3d at 1346. Stokes's original § 2255 motion alleged deficiencies of representation involving conduct and occurrences distinctly separate from the deficiency alleged in his amendment. His claims in his original motion concerned counsel's alleged failures to research the law of firearm enhancements and to pursue arguments about the merits of application of the firearm enhancement in his case. The claim in his amendment arises out of conversations

---

[4]*See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the district court within 10 days [now 14 days] after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for defendant who does not file a direct appeal, the conviction becomes final 10 [now 14] days after the district court's judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

with his counsel, Mr. Butler, that purportedly took place after sentencing, and the deficiency alleged in his amendment arises from Mr. Butler's purported failure to comply with his expressed desire that an appeal be filed in his case. There is nothing in Stokes's claims in his original motion that would have provided notice of his claim in his amended motion that Mr. Butler provided deficient performance by failing to comply with his request that he file an appeal on his behalf. Stokes's claims of ineffective assistance of counsel in his original motion depend heavily on the merits of his assertion that the firearm enhancement was improperly applied to him. However, the propriety of the application of the firearm enhancement is essentially irrelevant to the claim of ineffective assistance of counsel that Stokes raises in his amended motion; there, the question is whether Stokes indeed expressed a desire to appeal, which Mr. Butler then failed to heed. If counsel failed to comply with Stokes's expressed desire to appeal, his performance would be *per se* professionally unreasonable, and Stokes would be entitled to relief on his claim of ineffective assistance regardless of the merits of any substantive claim that might arguably have been presented on appeal.[5] *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Gomez-Diaz v. United States*, 433 F.3d 788, 793-94 (11th Cir. 2005).

"Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts." *Pruitt v. United States*, 274

---

[5] For instance, any hearing on the claim raised by Stokes in his amended motion would focus almost entirely on the factual question of whether Stokes indeed expressed to Mr. Butler a desire that he file an appeal and would not be addressed to the merits of any claims that might have been pursued on appeal.

13

F.3d 1315, 1317 (11th Cir. 2001). Stokes's new claim in his April 6, 2009, amendment arises from conduct and occurrences separate from the conduct and occurrences forming the basis of the claims contained in his original § 2255 motion and bears no legal or factual relationship to those earlier claims.[6] Thus, Stokes's new claim does not "relate back" under Rule 15(c) and is barred from review because it is untimely under § 2255's one-year limitation period. *See Farris v. United States*, 333 F.3d 1211, 1215-16 (11th Cir. 2003); *Pruitt*, 274 F.3d at 1319.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion filed by Stokes be denied, as the claims therein do not entitle him to any relief and the claim presented in his motion to amend is untimely.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before November 29, 2010**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed

---

[6]*See United States v. Craycraft*, 167 F.3d 451 (8th Cir. 1999), where the Eighth Circuit held that an untimely claim of ineffective assistance of counsel for not filing a requested appeal did not relate back to timely ineffective assistance claims for not pursuing a downward departure, not raising an objection at trial, and not challenging prior convictions. 167 F.3d at 456-67. The court concluded that counsel's failure to file the requested appeal was "a separate occurrence in both time and type" from a failure to pursue a downward departure or to object at trial. *Id*. at 457 (discussed with approval in *Davenport v. United States*, 217 F.3d 1341, 1344-45 (11th Cir. 2000)).

findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 15th day of November, 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE